IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:18-CV-296-BO

| | | |
|---|---|---|
| ROBERT DIXON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| NANCY A. BERRYHILL, | ) | |
| *Acting Commissioner of Social Security*, | ) | |
| | ) | |
| Defendant. | ) | |

This cause comes before the Court on cross-motions for judgment on the pleadings. A hearing was held on the motions before the undersigned on April 25, 2019, at Edenton, North Carolina. For the reasons that follow, the decision of the Commissioner is reversed.

## BACKGROUND

Plaintiff brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of the final decision of the Commissioner denying his claim for disability insurance benefits (DIB) and supplemental security income (SSI) pursuant to Titles II and XVI of the Social Security Act. Plaintiff applied for DIB on February 12, 2010 alleging an onset date of July 7, 2009; plaintiff subsequently applied for SSI and the claims were considered together in the decision currently on review. After initial denials, an Administrative Law Judge (ALJ) issued an unfavorable decision, which was subsequently remanded by the Appeals Council for further consideration. The ALJ issued a second decision finding plaintiff not disabled. The ALJ's decision became the decision of the Commissioner when the Appeals Council denied plaintiff's request for review, and plaintiff filed suit in this Court. *See Dixon v. Colvin*, No. 5:14-CV-516-D (E.D.N.C.). Defendant requested

a voluntary remand, which the Court allowed, reversing the Commissioner's decision under sentence four of 42 U.S.C. § 405(g) and remanding to the Commissioner for further proceedings. No. 5:15-CV-516-D (May 19, 2015 E.D.N.C.).

Upon remand, a new hearing was held before an ALJ,[1] who again issued an unfavorable ruling. The Appeals Council denied plaintiff's request for review, and plaintiff timely sought review of the Commissioner's decision in this Court.

## DISCUSSION

Under the Social Security Act, 42 U.S.C. §§ 405(g), and 1383(c)(3), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales,* 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart,* 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

An individual is considered disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other line of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

---

[1] The transcript of the January 20, 2016, hearing is reflected in Supplemental Transcript pp. 3875-3935.

2

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, if the Social Security Administration determines that the claimant is currently engaged in substantial gainful activity, the claim is denied. If not, then step two asks whether the claimant has a severe impairment or combination of impairments. If the claimant has a severe impairment, it is compared at step three to those in the Listing of Impairments ("Listing") in 20 C.F.R. Pt. 404, Subpt. P, App. 1. If the claimant's impairment meets or medically equals a Listing, disability is conclusively presumed. If not, at step four, the claimant's residual functional capacity (RFC) is assessed to determine if the claimant can perform his past relevant work. If so, the claim is denied. If the claimant cannot perform past relevant work, then the burden shifts to the Commissioner at step five to show that the claimant, based on his age, education, work experience, and RFC, can perform other substantial gainful work. If the claimant cannot perform other work, then he is found to be disabled. *See* 20 C.F.R. § 416.920(a)(4).

Here at step one, the ALJ found that plaintiff met the insured status requirements through September 30, 2012, and that he had not engaged in substantial gainful activity since his alleged onset date. The ALJ found plaintiff's degenerative disc disorder of the lumbar and cervical spine, post-laminectomy syndrome, lumbosacral neuritis/radiculitis, sacroiliitis, headaches/migraines, chronic pain syndrome, coronary artery disease, hypertension, anxiety disorder, major depressive

3

disorder, and panic attacks to be severe impairments at step two, but found that plaintiff did not have an impairment or combination of impairments which met or equaled a Listing at step three. The ALJ found that plaintiff could perform a reduced range of sedentary work with a number of exertional and nonexertional limitations. The ALJ found that plaintiff could not return to his past relevant work as a construction worker or deliverer but that, considering plaintiff's age, education, work experience, and RFC, plaintiff could perform jobs which existed in significant numbers in the national economy, specifically surveillance system monitor and sorter. Thus, the ALJ found that plaintiff was not disabled from July 7, 2009, through the date of his decision. Tr. 1809-1827.

Plaintiff was determined to be disabled by the North Carolina Department of Health and Human Services (NCDHHS) and thus qualified for Medicaid on October 13, 2011. The NCDHHS found that plaintiff's ability to work at all exertional levels was compromised due to his need to alternate between sitting and standing, determining that the range of work plaintiff might perform was so narrowed by his limitations that a finding of disabled was appropriate. Tr. 1824-25; Tr. 388. The ALJ gave the NCDHHS opinion limited weight, finding it not completely consistent with the overall record evidence.

A disability determination by the NCDHHS (or other state Medicaid agency) is generally entitled to substantial weight, and an ALJ must adequately justify a decision to deviate from that agency's determination. *Woods v. Berryhill*, 888 F.3d 686, 693 (4th Cir. 2018). Here, the ALJ's cursory explanation that the NCDHHS decision was not completely consistent with the record evidence was insufficient and would normally require remand. However, the record and the posture of the case support a determination that the plaintiff is disabled and that remand for a fourth ALJ decision is unwarranted.

4

An RFC of less than sedentary work, particularly where, as here, there are twelve categories of additional limitations imposed, "reflects very serious limitations" and "is expected to be relatively rare." SSR 96-9p. In formulating plaintiff's restrictive RFC, the ALJ discounted the opinions of plaintiff's treating pain management physician, Dr. Idrissi. Dr. Idrissi opined that plaintiff would be unable to work a full-time work schedule at any level of exertion. *See e.g.,* Tr. 1781; 1073. This opinion was based on, *inter alia*, plaintiff's need to alternate between sitting and standing at will, with the need to walk every five minutes as well as the need for unscheduled breaks. Tr. 1779. Although the ALJ found Dr. Idrissi's opinion unsupported by the record, it offered precisely the same type of restriction on plaintiff's ability to work as the NCDHHS finding.

The ALJ's decision to afford limited weight to Dr. Idrissi's opinion was not supported by substantial evidence. For example, the ALJ cites normal MRIs and CT scans as a basis to discredit Dr. Idrissi's opinion, but the record contains MRI evidence of granulation tissue surrounding the S1 nerve root in November 2010, after plaintiff underwent lumbar fusion surgery. Tr. 1009. The ALJ also cities to normal examination findings, but plaintiff regularly presented with positive straight leg raise tests on the left, limited lumbar range of motion, and 4/5 weakness on his left lower extremity. Plaintiff also received multiple epidural steroid injections and medial branch blocks. *See, e.g.,* Tr. 1056-1067; 1331; 3591-3610.

Treating source opinions are entitled to controlling weight if they are "well supported by medically acceptable clinical and laboratory diagnostic techniques and [are] not inconsistent with the other substantial evidence in [the] case record." Dr. Idrissi provided pain management treatment to plaintiff over a period of years, and was well-positioned to offer an opinion on plaintiff's ability to perform certain tasks or functions. Even affording Dr. Idrissi's opinion great

5

as opposed to controlling weight, when coupled with the NCDHHS decision, directs a finding that plaintiff was disabled.

## *Reversal for Award of Benefits*

The decision of whether to reverse and remand for benefits or reverse and remand for a new hearing is one that "lies within the sound discretion of the district court." *Edwards v. Bowen*, 672 F. Supp. 230, 237 (E.D.N.C. 1987); *see also Evans v. Heckler*, 734 F.2d 1012, 1015 (4th Cir. 1984). When "[o]n the state of the record, [plaintiff's] entitlement to benefits is wholly established," reversal for award of benefits rather than remand is appropriate. *Crider v. Harris*, 624 F.2d 15, 17 (4th Cir. 1980). The Fourth Circuit has held that it is appropriate for a federal court to "reverse without remanding where the record does not contain substantial evidence to support a decision denying coverage under the correct legal standard and when reopening the record for more evidence would serve no purpose." *Breeden v. Weinberger*, 493 F.2d 1002, 1012 (4th Cir. 1974). Remand, rather than reversal, is required, however, when the ALJ fails to explain his reasoning and there is ambivalence in the medical record, precluding a court from "meaningful review." *Radford v. Colvin*, 734 F.3d 288, 296 (4th Cir. 2013).

Plaintiff's claim has come before an ALJ for hearing three times, and the decision of the ALJ has been reversed and remanded twice before. As it is clear from the record that plaintiff's entitlement to benefits is wholly established, there is nothing to be gained by remanding this matter for a fourth ALJ decision. The Court in its discretion finds that reversal for an award of benefits rather than remand is appropriate in this instance.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for judgment on the pleadings [DE 28] is GRANTED. Defendant's motion for judgment on the pleadings [DE 31] is DENIED. The decision of the ALJ is REVERSED and this matter is REMANDED to the Commissioner for an award of benefits. The clerk is DIRECTED to close the case.

SO ORDERED, this __20__ day of May, 2019.

_____
TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE